# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHEN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: ) CHAPTER 13
) Case No. 10-14590
MARCI STACHOWSKI ) Judge: Jack B. Schmetterer
) Trustee: Tom Vaughn
Debtors )

MARCI STACHOWSKI )
)
Plaintiff ) AP No.10-A01631
-vs- )
)
BAC HOME LOANS SERVICING )
Defendant )

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

*[handwritten: Following entry of Default Order, the following findings of fact and Conclusions of Law will be made and entered:]*

~~The Debtor, Marcin Stachowski, submits the following proposed findings of fact and conclusions of law:~~

**Findings of Fact**

1. The Debtor, Marcin Stachowski, filed chapter 13 on April 1, 2010. The Debtor owns his home at 221 McCain Court, Des Plaines, IL in fee simple. The Debtor scheduled the value of his residence at $262,000.00. The home is subject to a first mortgage in favor of BAC Home Loans Servicing and a junior mortgage also in favor of BAC Home Loans Servicing.

2. The amount if BAC Home Loans Servicing secured claim for the first mortgage is $262,760.76, and the amount of the BAC Home Loans Servicing secured claim for the second mortgage is $68,056.29.

3. On February 1, 2011, the Debtor filed a modified chapter 13 plan (the "Plan"). The Plan provides for payment by the Debtor to the Trustee of $670.00 per month for 60 months with unsecured creditors receiving 5% of their filed claims and payment of $1,700 per month directly to BAC Home Loans on the first mortgage.

4. On February 24, 2011, the Plaintiff will present a motion for entry of default judgment.

5. The Secured claim of BAC Home Loans Servicing in an amount of at least $262,760.76, exhausts the equity in the Debtor's residence, and there is no equity to support the claim of the second mortgage of BAC Home Loans Servicing.

**Conclusions of Law**

1. The claim of BAC Home Loans Servicing, in an amount of at least $262,760.76 is secured by a first priority lien in the Debtor's residence.

2. The mortgage of BAC Home Loans Servicing (in the amount of $68,056.29) is second in priority, junior to the lien of BAC Home Loans Servicing.

3. As there is no equity to support the second priority lien of BAC Home Loans Servicing, the said creditor's claim is not a claim secured solely by a security interest in the Debtor's principal residence, as that term is used in Section 1322(b) of the Bankruptcy Code, and the Debtor's plan legitimately modify the rights if the creditor.

4. The Court's conclusion, that the bankruptcy court has the authority to strip off a wholly unsecured junior mortgage, is the majority position among courts that have addressed the question, and is supported by First Bank, Inc. v. Van Wie, 203 WL 1563959 (S.D. Ind. 2003), which hold as follows:

[T]he clear weight of appellate authority favors the bankruptcy court's authority to strip off a wholly unsecured junior mortgage. See In re Bartee, 212 F. 3d 277, 288-89 & nn. 15-18 (5th Cir. 2000). The majority hold "that the antimodification exception is triggered only where there is sufficient value in the underlying collateral to cover some portion of the creditor's claim." In re Pond, 252 F.3d 122 (2d Cir. 2001). The seven federal circuits or circuit bankruptcy appellate panels to

rule on the question have adopted the majority position. The Seventh Circuit has yet to decide the question. Among the three published decisions within the circuit, one bankruptcy court, *In re Waters*, 276 B.R. 879 (Bankr. N.D. Ill 2002) and one district court, *In re Holloway*, 2001 WL 1249053 (N.D.Il 2001), adopted the majority view and one bankruptcy court, *In re Barnes*, 207 B.R. 588 (Bankr.N.D.Ill 1997), adopted the minority view that even wholly unsecured junior mortgages are protected by §1322(b)(2)." First Bank, Inc., Van Wie, 2003 WL 1563959, p.3.

Respectfully Submitted.
Marcin Sachowski

By: /s/ Alexander Tynkov
His Attorney

Zalutsky & Pinski
20 N. Clark Suite 600
Chicago, IL 60606
(312)782-9792 PHONE
(312)782-0483 FAX

APR 18 2011